USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/21/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                     :
UNITED STATES OF AMERICA,       :
                                                     :
             -v-                                :
                                                     :                     1:15-cr-321-GHW-2
ANDRES GARCIA,                         :
                                   Defendant.   :                          ORDER
                                                     ::
-------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

       On July 17, 2017, the Court sentenced Andres Garcia principally to 286 months imprisonment. *See* Dkt. No. 391. Mr. Garcia had pleaded guilty to Count I of the superseding indictment in this case, which charged him with conspiracy to distribute and to possess with intent to distribute one kilogram and more of heroin and five kilograms and more of cocaine in violation of 21 U.S.C. § 846. The crime to which Mr. Garcia pleaded guilty required the imposition of a mandatory minimum sentence of at least 10 years in prison.

       At the time of sentencing, the Court calculated the defendant's guidelines range without objection. See Dkt. No. 395 ("Tr."). Because of the fact that Mr. Garcia was a leader of the drug trafficking organization and was responsible for the distribution of extremely large quantities of illegal drugs, his offense level was 39, even after taking into account a three point reduction in his offense level as a result of his acceptance of responsibility. Tr. at 8:11. Most importantly, for purposes of this motion, the Court did not find that Mr. Garcia had committed any prior criminal conduct, and, as a result, concluded that his criminal history category was I. *Id.* at 8:12-13. The Government did not move to enhance Mr. Garcia's sentence pursuant to 21 U.S.C. § 851. *See generally* Tr.

       On September 4, 2024, Mr. Garcia filed a *pro se* motion for compassionate release "under the

provisions of Title 18 U.S.C. § 3582(c)(1)(a)(i) and the provisions of 21 U.S.C. § 851(e)." Dkt. No. 510 (the "Application"). The Application requests that the Court reduce Mr. Garcia's sentence. Mr. Garcia argues that his sentence is too high. He states that he "now feels that there are extraordinary and compelling reason[s] which may warrant a reduction in sentence because of the [F]air Sentencing Act Amendment under provisions of 21 U.S.C. § 851(e) . . . ." Application at 2. To support his argument, Mr. Garcia "states that the prior Drug Offense for which the Government had relief was in fact denied by this Petitioner before the pronouncement of his Sentence . . . ." *Id.*

The Court cannot grant the Application because Mr. Garcia has not satisfied the statutory statutory preconditions for compassionate relief. 18 U.S.C. § 3582(c)(1)(A) reads in pertinent part as follows: "The court *may not* modify a term of imprisonment once it has been imposed *except that* . . . the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . ." *Id.* (emphasis added). The language of this provision ("[t]he court may not") expressly prohibits the Court from granting relief unless the statutory preconditions are satisfied. Mr. Garcia's application does not show that he has satisfied the statutory preconditions.

Moreover, were the Court to evaluate the merits of Mr. Garcia's motion, the Court would deny it.[1] The Court recognizes that the "First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). And

---

[1] The Court construes Mr. Garcia's Application liberally and interprets it "to raise the strongest arguments they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a pro se litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

Amendment 814 to the Sentencing Guidelines expands the list of specified and extraordinary and compelling reasons that can warrant sentence reductions. The amendment permits a court to consider "Other Reasons" that are of similar gravity to those described in Section 1B1.13(b)(1)-(4) of the Sentencing Guidelines. U.S.S.G. 1B.1.13(b)(5). It also permits the Court to consider an "Unusually Long Sentence" as the basis to find extraordinary and compelling circumstances that justify early release "but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances." U.S.S.G. 1B.1.13(b)(6). Except as set forth in that section, however, changes in law "shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement." U.S.S.G. 1B.1.13(c).

Mr. Garcia's argument in support of an adjustment of his sentence is based on a misstatement of the facts of his case. Mr. Garcia points to 21 U.S.C. § 851(e) and "states that the prior Drug Offense for which the Government had relief was in fact denied by this Petitioner before the pronouncement of his Sentence . . . ." Application at 2. However, the Government sought, and the Court imposed, no enhancement of Mr. Garcia's sentence under that statute. The Court did not sentence him on the basis of an enhancement based on a prior conviction. As noted above, the Court sentenced Mr. Garcia with the understanding that he had no prior criminal history. No other argument has been presented to the Court to justify a finding that his sentence should be modified. Mr. Garcia's sentence is not unusually long; it was and remains appropriate given the scope and scale of Mr. Garcia's criminal activity. Because Mr. Garcia's Application has no valid factual basis, the Court would deny the relief requested in it had the Application been properly presented to the Court.

Moreover, the Court does not believe that releasing Mr. Garcia early is justified after

reviewing the factors under 18 U.S.C. § 3553(a). *See United States v. Keitt*, 21 F.4th 67, 73 (2d Cir. 2021) ("When a district court denies a defendant's motion under 18 U.S.C. § 3582(c)(1)(A) in sole reliance on the applicable § 3553(a) sentencing factors, it need not determine whether the defendant has shown extraordinary and compelling reasons that might (in other circumstances) justify a sentence reduction.").

The 3553(a) factors do not permit the requested modification of Mr. Garcia's sentence. The application of the 3553(a) factors cripples his request and outweighs any justification for early release. Mr. Garcia has offered no grounds for a further reduction in his sentence other than his mistaken belief that 21 U.S.C. § 851 was misapplied in his case. Any grounds for early release of Mr. Garcia are overshadowed by the combined force of 'the nature and circumstances of the offense' and the need for the sentence imposed to 'reflect the seriousness of the offense,' 'promote respect for the law,' 'provide just punishment for the offense,' 'afford adequate deterrence to criminal conduct,' and 'protect the public from further crimes of the defendant.' That is because Mr. Garcia's criminal conduct, as the "spider at the center of a criminal web" that distributed enormous quantities of narcotics, was remarkably serious. Tr. at 20:8-9. A reduction of his sentence would not be consistent with the § 3553(a) factors.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

5

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 510 and to mail a copy of this order to Mr. Garcia by first class mail.

SO ORDERED.

Dated: October 21, 2024

_____
GREGORY H. WOODS
United States District Judge