```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/3/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
    UNITED STATES,

              -v-                      1:15-cr-321-GHW

                                        ORDER
    ANDRES GARCIA,

                      Defendant.
-------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

    On July 29, 2025, the Court received a motion by Andres Garcia. Dkt. No. 512 (the "Motion"). The Motion requests that the Court direct the Bureau of Prisons ("BOP") "to apply me the accumulated days that I gained by taking these programs successfully and my good behavior to modify my data calculation sentencing reducing it." Motion at 3.

    The Court declines to take action to direct the BOP to modify its calculation of Mr. Garcia's sentence because decisions about the calculation of time served fall within the authority of the BOP, not this Court. "The Attorney General, through the BOP, possesses the sole authority to make credit determinations pursuant to 18 U.S.C. § 3585(b); the district courts do not have authority to order the BOP to either grant or deny credit or to disregard the BOP's calculations." *U.S. v. Whaley*, 148 F.3d 205, 206 (2d Cir. 1998); *see also United States v. Wilson,* 503 U.S. 329, 333 (1992) ("For these reasons, we conclude that § 3585(b) does not authorize a district court to compute the credit at sentencing . . . ."). "Although prisoners may seek judicial review of the BOP's sentencing determinations after exhausting their administrative remedies, the district court is without jurisdiction to compute sentencing credit if a prisoner does not challenge his sentence and has not

sought administrative review." *Whaley*, 148 F.3d 205 at 206.  As a result, the Court denies Mr. Garcia's motion to direct the BOP to take any action with respect to the calculation of his time served.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 512 and to mail a copy of this order to Mr. Garcia.

SO ORDERED.

Dated: August 3, 2025
New York, New York

GREGORY H. WOODS
United States District Judge